## LIQUID CARBONIC CO. v. ALLEN MORROW CO. (No. 776.)

Court of Civil Appeals of Texas. Waco. Feb. 28, 1929.

Rehearing Denied April 11, 1929.

Peyton A. Ellison, of Dallas, for plaintiff in error.

Barney A. Garrett, of Waco, for defendant in error.

BARCUS, J. Defendants in error instituted this suit to recover from plaintiff in error $400 rent, together with other items of damage, and a foreclosure of their landlord's lien on certain personal property valued at $1,200. The trial was to the court, and resulted in judgment being rendered for defendants in error for $220, of which amount defendants in error filed a remittitur in the trial court of $20. The facts which we deem material for the determination of this appeal are undisputed. It appears that the Yancey Drug Store, a corporation, located at Waco, purchased from plaintiff in error a soda fountain, and to secure a part of the purchase price thereof executed a mortgage thereon. Thereafter the Yancey Drug Store went into bankruptcy, and the trustee in bankruptcy advertised its assets for sale on December 28, 1927. At the sale the various creditors bid on the property on which they had mortgages, and plaintiff in error bid $1,200 on the soda fountain, same to be applied on its debt. After the sale was made the trustee in bankruptcy informed all purchasers that he, the trustee, would not be responsible for the rent on the building after the sale of the goods, and defendants in error, who were the landlords, being present, informed the respective purchasers that they would have not exceeding one week's time after the sale in which to remove their respective purchases. On December 29th, the agent of plaintiff in error made demand on defendants in error for said soda fountain, and was prepared to and would have moved same from said building on said date. Defendants in error telephoned the trustee in bankruptcy with reference to delivering possession of the soda fountain, and were told not to deliver same because the plaintiff in error had not complied with its bid and the sale had not been approved by the referee in bankruptcy. On January 30, 1928, the trustee filed his report of sale with and the referee in bankruptcy approved said sale, and on said date the trustee executed to plaintiff in error a bill of sale to said soda fountain. On February 2d, plaintiff in error again demanded of defendants in error possession of the soda fountain and sought to remove same from the building owned by defendants in error, and they refused to deliver possession thereof without the payment of $100 rent for the month of January. The plaintiff in error continued its efforts from time to time to get possession of the soda fountain without success, and on May 1st, defendants in error removed the soda fountain from the building, and at a cost of $10 per month put same in a public warehouse for storage. They then brought this suit to recover the four months' rent, together with the expense incident to removing the property to the warehouse and the storage bill incurred. The trial court rendered judgment for the rental value of the building for January and February at $100 per month, and for the storage for March and April at $10 per month.

Plaintiff in error contends that under the undisputed facts, it was not liable to defendants in error for any amount. We sustain this contention. The law does not give the landlord a right to hold possession of the goods, wares, and merchandise of a tenant until the rent is paid. Article 5238 of the Revised Statutes gives the owner of a building a prior lien on the property of the tenant in the storeroom, and continues said lien for 30 days after said property is removed by the tenant. Article 5239 provides that if the rent is not paid and the tenant is about to or has removed the goods, the owner of the property may bring suit and have a distress warrant issued. These statutes, however, do not authorize the landlord to be his own judge, jury, and executioner. Under the facts in this case, the plaintiff in error was not entitled to the possession of the soda fountain until the sale by the trustee had been confirmed by the referee in bankruptcy, and until that contingency had happened the trustee in bankruptcy had control, title, and ownership of the assets of the bankrupt, and he as trustee was responsible for the expenses

incurred in their preservation. Defendants in error contend that since plaintiff in error as the purchaser of said property at the sale on December 28th agreed to pay rent on the building unless the soda fountain was removed within a week after the sale, it thereby became liable for the rent from December 28, 1927, rather than from the date of the confirmation of the sale by the referee in bankruptcy. Plaintiff in error denies having made any such agreement and denies the authority of its agent, who was present at the sale, to make any such agreement, if same was made. It is not necessary for us to and we do not determine the scope of the agency of the person representing plaintiff in error at the sale. Under no phase of the law would plaintiff in error be entitled to the possession of the soda fountain or be entitled to remove same until the trustee in bankruptcy obtained a confirmation of said sale by the referee in bankruptcy, which did not occur until the 30th day of January, 1928. If defendants in error were correct in their contention that plaintiff in error was required to remove the soda fountain within a week after the sale was made on December 28th, under their testimony it is shown that on the 29th of December plaintiff in error attempted to remove the soda fountain from the building and was refused possession thereof by defendants in error, the owners of the building, and it could not therefore by reason of said refusal get possession thereof. Again, on February 2d, within three days after the confirmation of the sale by the referee in bankruptcy, according to the testimony of defendants in error, plaintiff in error again sought to remove the soda fountain and the defendants in error refused to permit same to be removed. Defendants in error testified that plaintiff in error continuously and persistently tried to obtain possession of the soda fountain from December 29, 1927, until this suit was filed, and was prevented from doing so by defendants in error themselves, who held the keys to said building and refused to deliver same to the plaintiff in error in order that it might open the building and remove said soda fountain. There is no contention on the part of defendants in error that plaintiff in error had the use, occupancy, or control of the building, except in so far as same was held in storing the soda fountain in question. Neither did it have the keys thereto nor did it have the control or custody thereof. Under the most favorable aspect of the testimony of defendants in error, plaintiff in error was only to pay rent on the building for the time they left the soda fountain therein if it did not remove same within one week after the sale was made by the trustee in bankruptcy. Within said time, both after the sale and after the confirmation thereof, plaintiff in error offered to and would have removed said property but for the interference and refusal on the part of the defendants in error. This being true, defendants in error are not entitled to recover either rental or storage from the plaintiff in error.

The case has been fully developed. The judgment of the trial court is reversed, and judgment is here rendered denying defendants in error any recovery, and awarding to plaintiff in error the soda fountain and fixtures described in the judgment of the trial court.

Reversed and rendered.